**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

PETER ANTHONY HOSKINS

No. 3:01-cr-00266

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Plaintiff Peter Hoskins' ("Hoskins") Motion for Recommendation for Residential Re-Entry. (Doc. 238.) Hoskins seeks a judicial recommendation to the Federal Bureau of Prisons ("BOP") concerning the length of his residential re-entry center ("RRC"), halfway house, or home confinement placement time. The government has not responded in opposition within the allotted time. The motion is therefore now ripe for disposition. For the reasons stated below, Hoskins' motion will be denied without prejudice.

**Background**

Hoskins pleaded guilty on September 21, 2015, to conspiracy to import a controlled substance into the United States. *United States v. Hoskins*, No. 3:15-cr-00179 (M.D.Pa. 2016) ("Case 179") (Doc. 46). He was sentenced to a term of 60 months. (Case 179, Doc. 66.) This conviction was a violation of his supervised release following a sentence in the case on the above-captioned docket, and he was therefore additionally sentenced to a term of 46 months to run concurrently with his term of 60 months. (Doc. 237.)

On December 5, 2017, Hoskins filed the instant Motion for Recommendation for Residential Re-Entry. (Doc. 238.) Hoskins asks the Court to recommend that he be placed under home confinement for the maximum time (six months) allowed under 18 U.S.C. §

3624(c)(2), and that he also spend the maximum amount of time in a halfway house or other community corrections facility (one year, six months of which may instead be served under home confinement). Hoskins offers no documentation in support of his motion, but states that he has enrolled in or completed 37 separate programs,[1] has held several leadership positions in the Residential Drug Abuse Program ("RDAP"), expresses remorse for his offense, has remained free of disciplinary reports during his incarceration at the Allenwood Federal Correctional Institution, has "gainful employment waiting on him upon release," and has complied with the conditions of his requirements under the Inmate Financial Responsibility Program. (Doc. 238, pp. 1-2.)

## Legal Standard

18 U.S.C. § 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." The "Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c). The BOP may also decide "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.*

In determining placement, the BOP must consider a list of five factors, including "any statement by the court that imposed the sentence [] recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b); *see also Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012). While the BOP is required to consider these factors, the recommendation of a sentencing court regarding where a prisoner should be housed has "no

---

[1] Including "Decision Making," "Halfway House Information," "Job Search," "Release Issues," and other classes relevant to his adjustment after release, as well as a number of fitness classes.

binding effect" on the BOP's decision. 18 U.S.C. § 3621(b). When considering an individual's eligibility for pre-release placement in an RRC, the BOP is required to ensure that decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

"In addition to the individual determination under section 3621(b), a prisoner's participation in, or completion of, Inmate Skills Development programs within the institution is considered separately to determine if additional placement time is warranted as an incentive" under 34 U.S.C. § 60541, the Federal prisoner reentry initiative. *Vasquez*, 684 F.3d at 433. This statute requires the BOP to "provide incentives for prisoner participation in skills development programs." 34 U.S.C. § 60541(a)(1)(G). One such incentive may "'at the discretion of the [BOP]' include 'the maximum allowable period in a community confinement facility.'" *Vasquez*, 684 F.3d at 433 (quoting 34 U.S.C. § 60541(a)(2)(A)).

BOP policy "specifically instruct[s] prison staff that all 'inmates must now be reviewed for prerelease RRC placements 17-19 months before their projected release dates.'" *Amirnazmi v. Scism*, No. 3:11-CV-273, 2011 WL 1743846, at *5 (M.D.Pa. May 5, 2011) (quoting U.S. Dep't of Justice, Fed. Bureau of Prisons, *Memorandum for Chief Executive Officers* (November 14, 2008) (available at https://www.bop.gov/foia/docs/secondchance actmemosfrom2008.pdf)).

## Discussion

Hoskins seeks a judicial recommendation from this Court to the BOP for placement in a RRC and home confinement for the statutory maximum amount of time (twelve months, and six months, respectively, for a total of twelve months). (Doc. 238, p. 4.) Hoskins acknowledges that the Court's recommendation would not be binding, and that the BOP "has the discretion to place an inmate into 'any available penal or correctional facility.'" (*Id.*

3

(quoting 18 U.S.C. § 3621(b))). He believes that time in a halfway house or under home confinement would afford him the opportunity to take advantage of the "gainful employment waiting on him upon release" and provide him the necessary time to "find a residence (due to him becoming homeless)." (*Id.*, p. 6.) Hoskins states, without further documentation, that he has participated in numerous classes, served in leadership positions in the RDAP program, expressed remorse and a desire to be reformed, and maintained a prison record free of disciplinary infractions.

Courts have occasionally granted similar motions "when the motion included significant information about the prisoner's activities since sentencing and the extent of his efforts and progress toward rehabilitation while in prison." *United States v. Perry*, No. 2:13-CR-00049, 2017 WL 1534275, at *2 (E.D.Cal. April 28, 2017) (collecting cases from various jurisdictions). However, courts tend to deny these motions when they have little information about a movant's prison record, and the BOP would be in a better position to evaluate an individual's placement in an RRC. *Id.* Here, Hoskins has attached no documentation to his motion, and the Court therefore has no information to guide its decision other than Hoskins' diffuse, and sometimes vague, assertions of fact in the motion itself. In addition, Hoskins has served only about 28 months of his 60-month sentence, leaving roughly 32 months until his release date. This puts him well outside the range of 17-19 remaining months within which the BOP evaluates a prisoner's RRC or home confinement needs, and leaves considerable time to further develop his prison record to support a more informed assessment. In this case, therefore, the BOP is better positioned than the Court both to evaluate the specifics of Hoskins' pre-release placement needs, and to continue to work with him to develop a positive record at his current placement.

**Conclusion**

The Court appreciates Hoskins' request and his desire to rehabilitate and rejoin society. Based on the current record, however, the Court does not have enough information to make an informed recommendation to the BOP regarding Hoskins' placement, and even with sufficient information such a recommendation would be premature. Hoskins' Motion for Recommendation for Residential Re-Entry will therefore be denied without prejudice. If Hoskins wishes to file another motion at a later date, along with supporting documentation, the Court will re-evaluate his request at that time.

An appropriate order follows.

January 30, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge