# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:01-cr-00266 |
| v. | (JUDGE CAPUTO) |
| PETER ANTHONY HOSKINS | |

## MEMORANDUM

Presently before the Court is Plaintiff Peter Hoskins' ("Hoskins") Motion for Reconsideration. (Doc. 241.) Hoskins seeks reconsideration of my denial, without prejudice, of his Motion for Recommendation for Residential Re-Entry Center. (Docs. 238; 240.) For the reasons discussed below, I will construe Hoskins' current motion as an amended Motion for Recommendation for Residential Re-Entry Center. The government has not responded in opposition within the allotted time. The motion is therefore now ripe for disposition. For the reasons stated below, Hoskins' motion will be granted, and I will recommend that he be placed in a Residential Re-Entry Center ("RRC") or on home confinement for up to 270 days at the end of his sentence.

## Background

Hoskins pleaded guilty on September 21, 2015, to conspiracy to import a controlled substance into the United States. *United States v. Hoskins*, No. 3:15-cr-00179 (M.D.Pa. 2016) ("Case 179") (Doc. 46). He was sentenced to a term of 60 months. (Case 179, Doc. 66.) This conviction was a violation of his supervised release following a sentence in the case on the above-captioned docket, and he was therefore additionally sentenced to a term of 46 months to run concurrently with his term of 60 months. (Doc. 237.)

On December 5, 2017, Hoskins filed a Motion for Recommendation for Residential

Re-Entry Center (Doc. 238), seeking a judicial recommendation to the Federal Bureau of Prisons ("BOP") concerning the length of his RRC, halfway house, or home confinement placement time. Hoskins asked the Court to recommend that he be placed under home confinement for the maximum time (six months) allowed under 18 U.S.C. § 3624(c)(2), and that he also spend the maximum amount of time in a halfway house or other community corrections facility (one year, six months of which may instead be served under home confinement). At the time, Hoskins offered no documentation in support of his motion or evidence of his expected release date, and I therefore denied the motion without prejudice to his ability to file another motion at a later date, along with supporting documentation.

Hoskins has now filed another motion, which is styled as a Motion for Reconsideration of my order dismissing his earlier motion. (Doc. 241.) Attached to the motion, Hoskins has provided documentation showing that his projected release date, via "Good Conduct Time," is February 28, 2019, that he has completed the residential portion of the Residential Drug Abuse Program ("RDAP"), and that he has enrolled in or completed 37 separate programs during his incarceration. (*Id.*) These programs cover topics related to job searching and interviewing, life skills, and a number of fitness classes which Hoskins hopes will prepare him to seek work as a physical trainer upon his release. (*Id.*) In addition, Hoskins expresses remorse for his offense, has remained free of disciplinary reports during his incarceration, and states that he has complied with the conditions of his requirements under the Inmate Financial Responsibility Program. (*Id.*; Doc. 238, pp. 1-2.) Hoskins has stated that he requests the maximum possible time in these placements because he has become homeless and will need to search for a job. (Doc. 238; Doc. 241.) Finally, Hoskins' Individualized Reentry Plan ("IRP") shows that he has been recommended for the placements he requests "in a range between 181-270 days."

**Legal Standard**

*1. Motion for Reconsideration*

Hoskins' current motion is styled as a "Motion for Reconsideration." The Eighth Circuit has noted that "a self-styled 'motion for reconsideration' [] is not described by any particular rule of federal civil procedure. Federal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir 1988)(citations omitted). Rule 60(b) provides six bases for reconsideration, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence []; (3) fraud [], misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged []; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and is used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)(citations omitted). Neither of these Rules is relevant in this case, where my previous order specifically granted Hoskins leave to file an amended motion with more information at a later date. "[T]he function of the motion, and not the caption, dictates which Rule is applicable." *Id.* (citations omitted). Hoskins' current motion functions as a request that I recommend he be placed in an RRC or on home confinement for the maximum amount of time possible. I will therefore construe this motion as an amended Motion for Recommendation for Residential Re-Entry Center.

*2. Motion for Recommendation for Residential Re-Entry Center*

18 U.S.C. § 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." The "Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that

3

term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c). The BOP may also decide "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.*

In determining placement, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence [] recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. § 3621(b); *see also Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012). While the BOP is required to consider these factors, the recommendation of a sentencing court regarding where a prisoner should be housed has "no binding effect" on the BOP's decision. *Id.* When considering an individual's eligibility for pre-release placement in an RRC, the BOP is required to ensure that decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

"In addition to the individual determination under section 3621(b), a prisoner's participation in, or completion of, Inmate Skills Development programs within the institution is considered separately to determine if additional placement time is warranted as an incentive" under 34 U.S.C. § 60541, the Federal prisoner reentry initiative. *Vasquez*, 684 F.3d at 433. This statute requires the BOP to "provide incentives for prisoner participation in skills development programs." 34 U.S.C. § 60541(a)(1)(G). One such incentive may "'at the discretion of the [BOP]' include 'the maximum allowable period in a community confinement facility.'" *Vasquez*, 684 F.3d at 433 (quoting 34 U.S.C. § 60541(a)(2)(A)).

4

BOP policy "specifically instruct[s] prison staff that all 'inmates must now be reviewed for prerelease RRC placements 17-19 months before their projected release dates.'" *Amirnazmi v. Scism*, No. 3:11-CV-273, 2011 WL 1743846, at *5 (M.D.Pa. May 5, 2011) (quoting U.S. Dep't of Justice, Fed. Bureau of Prisons, *Memorandum for Chief Executive Officers* (November 14, 2008) (available at https://www.bop.gov/foia/docs/secondchance actmemosfrom2008.pdf)). In addition, BOP policy states that the length of RRC placement must be determined on an individual basis, and that RRC placement is most effective, in terms of recidivism reduction, for inmates who are at higher risks. *Id.*

## Discussion

Hoskins seeks a judicial recommendation from this Court to the BOP for placement in an RRC and home confinement for a time frame that the Court "deems appropriate," up to the statutory maximum amount of time (twelve months, and six months, respectively, for a total of twelve months). (Doc. 241, p. 1.) Courts have occasionally granted similar motions "when the motion included significant information about the prisoner's activities since sentencing and the extent of his efforts and progress toward rehabilitation while in prison." *United States v. Perry*, No. 2:13-CR-00049, 2017 WL 1534275, at *2 (E.D.Cal. April 28, 2017) (collecting cases from various jurisdictions). However, courts tend to deny these motions when they have little information about a movant's prison record, and the BOP would be in a better position to evaluate an individual's placement in an RRC. *Id.*

Here, Hoskins has provided documentation of his prison record, which shows that he has remained free from disciplinary infractions, completed the residential portion of the RDAP, and has consistently participated in programs to improve his life skills and prepare for his job search following his release. (Doc. 241.) In addition, Hoskins has stated that he does not have a place to live following his release, and his "Custody Classification Form" notes that he has had minimal communication with his family while incarcerated, both of which

suggest that he would benefit from additional time reintegrating with his community. (Docs. 238; 241.) The BOP has recommended a placement range between 181-270 days after apparently considering the five factors provided in 18 U.S.C. § 3621(b). (Doc. 241.) Since I have not made any recommendation concerning Hoskins' placement, I assume that the factor relating to judicial recommendations did not weigh in favor of increasing the length of the range, though I cannot speculate as to how heavily this factor was weighted against the other four factors. Since the BOP is best placed to evaluate factors such as the availability of the type of facility Hoskins requests, and has provided the recommended range in accordance with these factors, I will recommend that Hoskins be placed in an RRC or on home confinement for the maximum number of days within the range determined to be appropriate by the BOP. I therefore recommend that Hoskins be placed in an RRC or a combination of an RRC and home confinement for up to 270 days at the end of his current sentence.

## Conclusion

Hoskins' Motion for Reconsideration, construed as a Motion for Recommendation for Residential Re-Entry Center, will therefore be granted.

An appropriate order follows.


April 3, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge